# EXHIBIT A



**Capitol Corporate Services**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

# Service Of Process Transmittal Notice

| JENINNE HUNT<br>CADENCE EDUCATION INC<br>8800 N GAINEY CENTER DR STE 300<br>SCOTTSDALE ARIZONA 85258-2165 | | |
|---|---|---|
| | **Date Processed:** | 02/05/2026 |
| | **Completed By:** | ERIKA JENSON |
| | **Delivery Method to Client:** | FEDEX 2 DAY |
| | **Tracking Number:** | 398468101633 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received<br>02/05/2026  1:00 PM in MINNESOTA | Transmittal #<br>MN-330216 | Delivered to Agent by<br>PROCESS SERVER |
|---|---|---|

**With Regard to Client**

CADENCE EDUCATION, LLC

**Title of Case or Action**

MADALYN AND BRENDAN BAILEY, ET. AL., PLAINTIFFS, VS. CADENCE EDUCATION, LLC; AND KATIE ANN VOIGT, DEFENDANTS.

| **Case Number** | **Type of Document Served** |
|---|---|
| NONE | COMPLAINT/PETITION |

**Court Name**

DISTRICT COURT-FOURTH JUDICIAL DISTRICT-COUNTY OF HENNEPIN, MN

**Note**



1-3302169

**Cadence Education, LLC, c/o
Registered Agent: Capitol
Corporate Services, Inc.**

STATE OF MINNESOTA                          DISTRICT COURT

COUNTY OF HENNEPIN                   FOURTH JUDICIAL DISTRICT
                                    CASE TYPE: PERSONAL INJURY

| | |
|---|---|
| Madalyn and Brendan Bailey, individually and on behalf of minor child, J.B.; Krista and William Behrens, individually and on behalf of minor child E.B.; Jaclyn and Ben Bennett, individually and on behalf of minor children R.B. and W.B.; Emily and Noah Dahle, individually and on behalf of minor child C.D.; Tawnee Rebhuhn and Frank Denney, individually and on behalf of minor child M.D.; Katherine and Lee Gilbertson, individually and on behalf of minor child M.G.; Ashley and Blake Guyer, individually and on behalf of J.G.; Brenna and Scott Hoeg, individually and on behalf of minor child K.H.; Mackenzie Cook and Jordy Ildvad, individually and on behalf of minor child H.I.; Amber and Nicholas Lahr, individually and on behalf of minor child M.L.; Kelli Ferguson and Tiago Bremer Martins, individually and on behalf of minor child A.M.; Brittany and Derwayne Moore, individually and on behalf of minor child S.M.; Allie and Erik Ordal, individually and on behalf of minor child O.O.; Laura and Dan Quandt, individually and on behalf of minor child F.Q.; Sarah and Jonathan Rossall, individually and on behalf of minor child I.R.; Courtney and Dustin Sailer, individually and on behalf of minor child B.S.; Kimberly and Zachary Smith, individually and on behalf of minor child F.S.; Erika and Christian Sopkowiak, individually and on behalf of minor child A.S.; Stephanie and Paul Studer, individually and on behalf of minor child L.S.; and Becky and Mike Stumm, individually and on behalf of minor child M.S.;<br><br>Plaintiffs,<br><br>vs.<br><br>Cadence Education, LLC; and Katie Ann Voigt,<br><br>Defendants. | Court File No. _____<br>  Judge: _____<br><br><br><br><br><br><br><br><br>**SUMMONS** |

1

96818736.1

This Summons is directed to Cadence Education, LLC, and Katie Ann Voigt:

1.     **YOU ARE BEING SUED.** The Plaintiffs have started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your legal rights, even if nothing has been filed with the Court and there may be no Court file number on this Summons.

2.     **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must serve a copy of your Answer to the person who signed this Summons located at Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, MN 55402.

3.     **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4.     **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

2

5.    **LEGAL ASSISTANCE.**  You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.    **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**ROBINS KAPLAN LLP**

Dated: February 4, 2026

By: _____
Raoul Shah (#0399117)
Andrew Noel (#0322118)
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612-349-8500
RShah@RobinsKaplan.com
ANoel@RobinsKaplan.com
**ATTORNEYS FOR PLAINTIFFS**

3

96818736.1

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT
CASE TYPE: PERSONAL INJURY

| | |
|---|---|
| Madalyn and Brendan Bailey, individually and on behalf of minor child, J.B.; Krista and William Behrens, individually and on behalf of minor child E.B.; Jaclyn and Ben Bennett, individually and on behalf of minor children R.B. and W.B.; Emily and Noah Dahle, individually and on behalf of minor child C.D.; Tawnee Rebhuhn and Frank Denney, individually and on behalf of minor child M.D.; Katherine and Lee Gilbertson, individually and on behalf of minor child M.G.; Ashley and Blake Guyer, individually and on behalf of J.G.; Brenna and Scott Hoeg, individually and on behalf of minor child K.H.; Mackenzie Cook and Jordy Ildvad, individually and on behalf of minor child H.I.; Amber and Nicholas Lahr, individually and on behalf of minor child M.L.; Kelli Ferguson and Tiago Bremer Martins, individually and on behalf of minor child A.M.; Brittany and Derwayne Moore, individually and on behalf of minor child S.M.; Allie and Erik Ordal, individually and on behalf of minor child O.O.; Laura and Dan Quandt, individually and on behalf of minor child F.Q.; Sarah and Jonathan Rossall, individually and on behalf of minor child I.R.; Courtney and Dustin Sailer, individually and on behalf of minor child B.S.; Kimberly and Zachary Smith, individually and on behalf of minor child F.S.; Erika and Christian Sopkowiak, individually and on behalf of minor child A.S.; Stephanie and Paul Studer, individually and on behalf of minor child L.S.; and Becky and Mike Stumm, individually and on behalf of minor child M.S.;<br><br>           Plaintiffs,<br><br>vs.<br><br>Cadence Education, LLC; and Katie Ann Voigt,<br><br>           Defendants. | Court File No. _____<br>   Judge: _____<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their cause of action against the Defendants, state and allege as follows:

## BRIEF STATEMENT OF THE CASE

1. Plaintiffs are the parents of 21 young minor children who entrusted the care of their children to Defendant Cadence Education, LLC, based on the corporation's representations that their children would receive safe, appropriate, kind, empathetic, and respectful care at the Lil' Explorers Childcare Center of Plymouth. Instead, Plaintiffs' worst nightmares came true when they learned that instead of growing and learning in the environment promised by Defendant Cadence Education, LLC, their children were daily exposed to abusive behaviors from the staff members, including Defendant Katie Ann Voigt. As a direct and proximate result, Plaintiffs' minor children suffered and continue to suffer lasting injuries, damages, and harms from the recurring physical, mental, and emotional abuse at Lil' Explorers Childcare Center of Plymouth.

## PARTIES

2. Plaintiffs Madalyn Bailey and Brendan Bailey are the parents of minor child J.B., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

3. Plaintiffs Madalyn Bailey and Brendan Bailey reside in Hennepin County, Minnesota.

96780366.1

4. Plaintiffs Krista Behrens and William Behrens are the parents of minor child E.B., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

5. Plaintiffs Krista Behrens and William Behrens reside in Hennepin County, Minnesota.

6. Plaintiffs Jaclyn Bennett and Ben Bennett are the parents of minor child R.B., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

7. Plaintiffs Jaclyn Bennett and Ben Bennett are also the parents of minor child W.B., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

8. Plaintiffs Jaclyn Bennett and Ben Bennett reside in Hennepin County, Minnesota.

9. Plaintiffs Emily Dahle and Noah Dahle are the parents of minor child C.D., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

10. Plaintiffs Emily Dahle and Noah Dahle reside in Hennepin County, Minnesota.

11. Plaintiffs Tawnee Rebhuhn and Frank Denney are the parents of minor child M.D., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

3

12.     Plaintiffs Tawnee Rebhuhn and Frank Denney reside in Hennepin County, Minnesota.

13.     Plaintiffs Katherine Gilbertson and Lee Gilbertson are the parents of minor child M.G., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

14.     Plaintiffs Katherine Gilbertson and Lee Gilbertson reside in Hennepin County, Minnesota.

15.     Plaintiffs Ashley Guyer and Blake Guyer are the parents of minor child J.G., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

16.     Plaintiffs Ashley Guyer and Blake Guyer reside in Hennepin County, Minnesota.

17.     Plaintiffs Brenna Hoeg and Scott Hoeg are the parents of minor child K.H., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

18.     Plaintiffs Brenna Hoeg and Scott Hoeg reside in Hennepin County, Minnesota.

19.     Plaintiffs Mackenzie Cook and Jordy Ildvad are the parents of minor child H.I., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

20.     Plaintiffs Mackenzie Cook and Jordy Ildvad reside in Hennepin County, Minnesota.

4

96780366.1

21. Plaintiffs Amber Lahr and Nicholas Lahr are the parents of minor child M.L., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

22. Plaintiffs Amber Lahr and Nicholas Lahr reside in Hennepin County, Minnesota.

23. Plaintiffs Kelli Ferguson and Tiago Bremer Martins are the parents of minor child A.M., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18

24. Plaintiffs Kelli Ferguson and Tiago Bremer Martins reside in Hennepin County, Minnesota.

25. Plaintiffs Brittany Moore and Derwayne Moore are the parents of minor child S.M., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

26. Plaintiffs Brittany Moore and Derwayne Moore reside in Hennepin County, Minnesota.

27. Plaintiffs Allie Ordal and Erik Ordal are the parents of minor child O.O., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

28. Plaintiffs Allie Ordal and Erik Ordal reside in Hennepin County, Minnesota.

96780366.1

29. Plaintiffs Laura Quandt and Dan Quandt are the parents of minor child F.Q., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

30. Plaintiffs Laura Quandt and Dan Quandt reside in Hennepin County, Minnesota.

31. Plaintiffs Sarah Rossall and Jonathan Rossall are the parents of minor child I.R., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

32. Plaintiffs Sarah Rossall and Jonathan Rossall reside in Hennepin County, Minnesota.

33. Plaintiffs Courtney Sailer and Dustin Sailer are the parents of minor child B.S., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

34. Plaintiffs Courtney Sailer and Dustin Sailer reside in Hennepin County, Minnesota.

35. Plaintiffs Kimberly Smith and Zachary Smith are the parents of minor child F.S., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

36. Plaintiffs Kimberly Smith and Zachary Smith reside in Hennepin County, Minnesota.

6

37. Plaintiffs Erika Sopkowiak and Christian Sopkowiak are the parents of minor child A.S., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

38. Plaintiffs Erika Sopkowiak and Christian Sopkowiak reside in Hennepin County, Minnesota.

39. Plaintiffs Stephanie Studer and Paul Studer are the parents of minor child L.S., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

40. Plaintiffs Stephanie Studer and Paul Studer reside in Hennepin County, Minnesota.

41. Plaintiffs Becky Stumm and Mike Stumm are the parents of minor child M.S., who is, and was at the time of the events that are the subject of this lawsuit, under the age of 18.

42. Plaintiffs Becky Stumm and Mike Stumm reside in Hennepin County, Minnesota.

43. Defendant Cadence Education, LLC ("Cadence Education") is a for-profit Arizona corporation with a registered office address at 1605 30th Avenue South, Suite A, Moorhead, Minnesota, 56560, and a principal place of business at 8800 North Gainey Center Drive, Suite 300, Scottsdale, Arizona, 85258.

44. At all relevant times, Defendant Cadence Education, acting through its employees and agents, owned and operated childcare facilities located in Hennepin

7

96780366.1

County, Minnesota, including a childcare facility operating under the name Lil' Explorers Childcare Center of Plymouth ("Lil' Explorers").

45.   Defendant Cadence Education warranted and held itself out to the public as providing safe and nurturing childcare to patients.

46.   Defendant Cadence Education employed individuals to provide childcare services for its clients.

47.   Defendant Cadence Education provided childcare services to Plaintiffs through its employees, agents, partners, principals, or shareholders.

48.   Defendant Cadence Education is vicariously and/or contractually liable for the actions and inactions of its employees, agents, partners, principals, or shareholders.

49.   Defendant Katie Ann Voigt is a resident of the State of Minnesota and at all relevant times lived in Champlin, Hennepin County, Minnesota.

50.   At all relevant times, Defendant Katie Ann Voigt was an employee, agent, partner, principal, or shareholder of Cadence Education.

51.   At all relevant times, Defendant Katie Ann Voigt worked at Lil' Explorers.

**JURISDICTION AND VENUE**

52.   This Court has jurisdiction over Defendants, and venue is proper in Hennepin County under Minn. Stat. § 542.09.

**FACTUAL ALLEGATIONS**

53.   Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

8

54. Cadence Education opened Lil' Explorers in Plymouth, Hennepin County, Minnesota on or about August 29, 2022.

*Cadence Education's Representations and Promises*

55. On and before February 6, 2025, Defendant Cadence Education marketed itself and Lil' Explorers as "provid[ing] a safe environment for children centered on exploration and development."

56. On and before February 6, 2025, Defendant Cadence Education told current client families, prospective client families, and the public that its facilities, including Lil' Explorers, "provide[ ] a nurturing and enriching atmosphere" that offers "plenty of room for your children to learn, grow, and develop."

57. On and before February 6, 2025, Defendant Cadence Education advertised a mission of "provid[ing] an enjoyable and exciting time for all children in our care."

58. On and before February 6, 2025, Defendant Cadence Education stated on its website that, "At Lil' Explorers, we emphasize early childhood education through fun-filled activities that encourage positive growth" with programs that "offer[ ] age-appropriate enrichment that promotes self-confidence, independence, kindness, empathy, patience, and creativity."

59. On and before February 6, 2025, Defendant Cadence Education stated on its website that its "goal is to create an environment where guardians feel confident in their childcare decisions, knowing their children are thriving in a nurturing and supportive setting."

9

96780366.1

60.    On and before February 6, 2025, Defendant Cadence Education told current client families, prospective client families, and the public that its "core values" were "kindness, empathy, and respect."

### Plaintiffs' Enrollment

61.    Plaintiffs Madalyn Bailey and Brendan Bailey enrolled minor child J.B. at Lil' Explorers in May 2023. Minor child J.B. attended Lil' Explorers between May 2023 and July 2024.

62.    Plaintiffs Krista Behrens and William Behrens enrolled minor child E.B. at Lil' Explorers in May 2023. Minor child E.B. attended Lil' Explorers from May 2023 through February 6, 2025.

63.    Plaintiffs Jaclyn Bennett and Ben Bennett enrolled minor children R.B. and W.B. at Lil' Explorers in September 2022. Minor children R.B. and W.B. attended Lil' Explorers from September 2022 through February 6, 2025.

64.    Plaintiffs Emily Dahle and Noah Dahle enrolled minor child C.D. at Lil' Explorers in October 2022. Minor child C.D. attended Lil' Explorers between October 2022 and December 2023.

65.    Plaintiffs Tawnee Rebhuhn and Frank Denney enrolled minor child M.D. at Lil' Explorers in the fall of 2023. Minor child M.D. attended Lil' Explorers from fall of 2023 through February 6, 2025.

66.    Plaintiffs Katherine Gilbertson and Lee Gilbertson enrolled minor child M.G. at Lil' Explorers in March 2023. Minor child M.G. attended Lil' Explorers from March 2023 through February 6, 2025.

10

67. Plaintiffs Ashley Guyer and Blake Guyer enrolled minor child J.G. at Lil' Explorers in May 2023. Minor child J.G. attended Lil' Explorers from May 2023 through February 6, 2025.

68. Plaintiffs Brenna Hoeg and Scott Hoeg enrolled minor child K.H. at Lil' Explorers in 2022. Minor child K.H. attended Lil' Explorers through February 6, 2026.

69. Plaintiffs Mackenzie Cook and Jordy Ildvad enrolled minor child H.I. at Lil' Explorers in Fall 2023. Minor child H.I. attended Lil' Explorers from Fall 2023 through February 6, 2025.

70. Plaintiffs Amber Lahr and Nicholas Lahr enrolled minor child M.L. at Lil' Explorers in September 2022. Minor child M.L. attended Lil' Explorers from September 2022 through February 6, 2025.

71. Plaintiffs Kelli Ferguson and Tiago Bremer Martins enrolled minor child A.M. at Lil' Explorers in September 2022. Minor child A.M. attended Lil' Explorers from September 2022 through February 6, 2025.

72. Plaintiffs Brittany Moore and Derwayne Moore enrolled minor child S.M. at Lil' Explorers in July 2023. Minor child S.M. attended Lil' Explorers from July 2023 through February 6, 2025.

73. Plaintiffs Allie Ordal and Erik Ordal enrolled minor child O.O. at Lil' Explorers in April 2023. Minor child O.O. attended Lil' Explorers from April 2023 through February 6, 2025.

11

74. Plaintiffs Laura Quandt and Dan Quandt enrolled minor child F.Q. at Lil' Explorers in March 2023. Minor child F.Q. attended Lil' Explorers from March 2023 through February 6, 2025.

75. Plaintiffs Sarah Rossall and Jonathan Rosall enrolled minor child I.R. at Lil' Explorers in June 2023. Minor child I.R. attended Lil' Explorers from June 2023 through February 6, 2025.

76. Plaintiffs Courtney Sailer and Dustin Sailer enrolled minor child B.S. at Lil' Explorers in December 2023. Minor child B.S. attended Lil' Explorers from December 2023 through February 6, 2025.

77. Plaintiffs Kimberly Smith and Zachary Smith enrolled minor child F.S. at Lil' Explorers in October 2022. Minor child F.S. attended Lil' Explorers from October 2022 until February 2024.

78. Plaintiffs Erika Sopkowiak and Christian Sopkowiak enrolled minor child A.S. at Lil' Explorers in September 2024. Minor child A.S. attended Lil' Explorers from September 2024 through February 6, 2025.

79. Plaintiffs Stephanie Studer and Paul Studer enrolled minor child L.S. at Lil' Explorers in August 2022. Minor child L.S. attended Lil' Explorers from August 2022 through February 6, 2025.

80. Plaintiffs Becky Stumm and Mike Stumm enrolled minor child M.S. at Lil' Explorers in November 2022. Minor child M.S. attended Lil' Explorers from November 2022 through February 6, 2025.

12

96780366.1

*February 6, 2025*

81.    Upon information and believe, Katie Voight was employed by Cadence Education to work as a teacher at Lil' Explorers in or around August 2022.

82.    Katie Voigt was working as a teacher at Lil' Explorers on February 6, 2025.

83.    Katie Voigt was, at all relevant times, acting within the course and scope of her employment as a teacher at Lil' Explorers.

84.    On February 6, 2025, a teacher at Lil' Explorers publicly released several videos depicting Katie Voigt's abusive conduct occurring in a classroom at Lil' Explorers.[1]

85.    The videos released on February 6, 2025, fairly and accurately depict the conduct of the people recorded.

86.    The videos released on February 6, 2025, fairly and accurately depict what occurred in Katie Voigt's classroom on February 6, 2025.

87.    The videos released on February 6, 2025, show Katie Voigt screaming aggressively at the children in her care at Lil' Explorers.

88.    The videos released on February 6, 2025, show Katie Voigt berating the children in her care at Lil' Explorers.

---

[1] https://www.fox9.com/news/lil-explorers-childcare-center-fires-teacher-after-unthinkable-videos-surface; https://www.facebook.com/chenueher/posts/a-daycare-teacher-at-lil-explorers-daycare-in-plymouth-and-others-were-fired-aft/1023562319585534/; https://www.instagram.com/p/DF1igl9Nu-y/?img_index=6; https://www.tiktok.com/@kensconsin/video/7471093685787086126; https://www.tiktok.com/discover/lil-explorers-plymouth-daycare; https://www.cbsnews.com/minnesota/news/video-showing-teachers-aggressive-behavior-at-daycare/; https://kstp.com/kstp-news/top-news/plymouth-day-care-teachers-unhinged-actions-spark-outrage-police-investigation/; https://www.kare11.com/article/news/local/former-plymouth-day-care-worker-speaks-out-alleged-behavior-from-workers/89-c3418264-3113-4fa5-b3aa-402372b76397

13

89.     The videos released on February 6, 2025, show Katie Voigt aggressively grabbing children in her care at Lil' Explorers.

90.     The videos released on February 6, 2025, show Katie Voigt aggressively slamming these children into chairs at Lil' Explorers.

91.     The videos released on February 6, 2025, show Katie Voigt aggressively pushing the children in her care at Lil' Explorers.

92.     The videos released on February 6, 2025, show Katie Voigt aggressively yanking toys out of children's hands at Lil' Explorers.

93.     The videos released on February 6, 2025, show Katie Voigt roughly handling children in her care at Lil' Explorers.

94.     February 6, 2025, was not the first time that Katie Voigt had engaged in the conduct described in the preceding paragraphs.

95.     Katie Voigt engaged in the conduct described in the preceding paragraphs for an extended period of time during her employment at Lil' Explorers.

96.     Katie Voigt's conduct described in the preceding paragraphs was likely to result in physical harm to the children in her care.

97.     Katie Voigt's conduct described in the preceding paragraphs was likely to result in mental and/or emotional harm to the children in her care.

98.     MN DHS found that Katie Voigt's conduct at Lil' Explorers constituted abuse.

14

96780366.1

99.    Following the release of the videos showing Katie Voigt's abusive conduct, Plaintiffs whose children still attended Lil' Explorers as of February 6, 2025, each removed their children from Lil' Explorers and cancelled their enrollments.

*Cadence Education's Damage Control Efforts*

100.    Following the negative publicity of this incident, Cadence Education's damage control strategy included a claim that it fired Katie Voigt.[2]

101.    Cadence Education did not fire Katie Voigt.

102.    Instead, Katie Voigt resigned from her employment at Lil' Explorers and with Cadence Education:



_____

[2] https://www.fox9.com/news/lil-explorers-childcare-center-fires-teacher-after-unthinkable-videos-surface

96780366.1

103. Cadence Education sold Lil' Explorers Childcare Center of Plymouth on or about October 10, 2025.

104. Cadence Education's sale of Lil' Explorers is evidence of consciousness of guilt and/or a discarding of assets in an attempt to evade satisfaction of damages, under *Johnson v. O'Brien*, 105 N.W.2d 244 (Minn. 1960).

105. Following the negative publicity of this incident, Cadence Education's damage control strategy also included releasing statements suggesting that the conduct that occurred on February 6, 2025, was an isolated occurrence.

106. Cadence Education released a statement in which it referred to this as a "recent incident."[3]

107. Cadence Education stated to the media that it "do[es] not tolerate behavior of this kind" and had sent notifications to local licensing agencies.[4]

108. Cadence Education further stated to the media that "all of our employees have passed mandated state background checks. In addition, we train our employees extensively on maintaining safety and their reporting obligations. We encourage and require employees to report concerns to management directly so that they can be immediately addressed."[5]

---

[3] https://ccxmedia.org/news/plymouth-police-launch-investigation-into-child-care-facility/; https://kstp.com/kstp-news/top-news/plymouth-day-care-teachers-unhinged-actions-spark-outrage-police-investigation/
[4] *Id.*
[5] *Id.*

16

109. Cadence Education also stated to the media that it "train[s] employees on how to handle difficult situations in classrooms, including asking for help, offering help when it is needed, and immediately notifying management of classroom concerns."[6]

### Cadence Education's Troubled History at Lil' Explorers

110. Cadence Education has a history of failing to properly train, supervise, and prove qualifications of its employees.

111. Cadence Education repeatedly failed to meet requirements set by the Minnesota Department of Human Services (MN DHS) at the Lil' Explorers Childcare Center of Plymouth.

112. On March 6, 2023, MN DHS issued a correction order stating that, among other things, Lil' Explorers failed to maintain staff distribution requirements, specifically by failing to have "a staff person meeting the requirements of teacher qualification" in a classroom with eight infants.

**Licensing violations**

DHS determined that your program failed to follow the standard(s) described below.

**Program Practices**

1. Violation: Staff distribution requirements were not maintained.

   At approximately 10:15 a.m., an assistant teacher and an aide were working in the Infant C classroom with eight infants. A staff person meeting the requirements of teacher qualification was required for staff distribution requirements. (Infant 3: Infant classroom)

   Citation: Minnesota Rules, part 9503.0040, subpart 2.

   Corrective Action Required: Correct immediately and submit written documentation within 30 days of receipt of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

---

[6] *Id.*

17

113.   On March 6, 2023, MN DHS also found that Lil' Explorers failed "to have documentation on site to show that 2 of 5 . . . staff persons met the education requirements of the teacher job classification for which the staff person was employed."

**Staff Qualifications**

5. Violation: The program did not have documentation on site to show that 2 of 5 (SP1 and SP14) staff persons met the education requirements of the teacher job classification for which the staff person was employed (SP1 and SP14).

   Citation: Minnesota Rules, part 9503.0032, subpart 2; and part 9503.0120, item B

   Corrective Action Required: Correct immediately and submit written documentation within 30 days of receipt of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

114.   On June 13, 2023, MN DHS found a licensing violation because, among other things, Lil' Explorers' staff was not properly trained on the required allergy-related Individual Child Care Program Plans and that two out of three Lil' Explorers staff members had not reviewed such plans.

**Staff Training**

4. Violation: The program did not comply with requirements for an allergy-related Individual Child Care Program Plan (ICCPP); Documentation was not available to show that staff persons reviewed an allergy-related ICCPP. There was no documentation available to show that 2 of 3 (SP7 and SP10) staff persons had reviewed an allergy-related ICCPP for a child.

   Citation: Minnesota Statutes, section 245A.41, subdivision 1, paragraph (b)

   Corrective Action Required: Correct immediately and submit written documentation within 30 days of receipt of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

115.   On September 21, 2023, MN DHS found a licensing violation based on, among other things, Lil' Explorers' failure to "have documentation on site to show that 3 of 9 staff persons met the education requirements of the teacher job classification for which the staff person was employed."

**Staff Qualifications**

3. Violation: The program did not have documentation on site to show that 3 of 9 (SP3, SP6 and SP13) staff persons met the education requirements of the teacher job classification for which the staff person was employed (SP3, SP6 and SP13).

   Citation: Minnesota Rules, part 9503.0032, subpart 2; and part 9503.0120, item B

   Corrective Action Required: Correct immediately and submit written documentation within 30 days of receipt of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

18

116.    On September 21, 2023, MN DHS also found a licensing violation based on insufficient training because Lil' Explorers failed to verify that at least one staff member had "received orientation on handling emergencies and accidents."

**Staff Training**

4. Violation: Documentation was not available on site to verify that before starting assigned duties 1 of 15 (SP7) individuals (director, staff persons, substitutes, or unsupervised volunteers) received orientation training on handling emergencies and accidents according to Minnesota rules, part 9503.0110 (SP7).

Citation: Minnesota Statutes, section 245A.40, subdivision 1; and section 245A.04, subdivision 14, paragraph (b), clause (1)

Corrective Action Required: Correct immediately and submit written documentation within 30 days of receipt of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

117.    On April 17, 2024, MN DHS found a licensing violation because Lil' Explorers' staff "violated the behavior guidance policy prohibiting certain disciplinary actions. It was determined through interviews with staff persons, (sic) that on several occasions between January to April 2024, a staff person was violating the program's behavior guidance policies specifically related to not subjecting a child to <u>emotional abuse</u> with regard to using language and tone which was determined to be <u>threatening and frightening to the child(ren) present.</u>" (emphasis added).

**Licensing violations**

DHS determined that your program failed to follow the standard(s) described below.

**Behavior Guidance**

1. Violation: The program violated the behavior guidance policy prohibiting certain disciplinary actions. It was determined through interviews with staff persons, that on several occasions between January to April 2024, a staff person was violating the program's behavior guidance policies specifically related to not subjecting a child to emotional abuse with regards to using language and tone which was determined to be threatening and frightening to the child(ren) present. (Preschool B: Preschool classroom, Pre K-A: Preschool classroom, Preschool B: Preschool classroom and Pre K-A: Preschool classroom)

Citation: Minnesota Rules, part 9503.0055, subpart 3

Corrective Action Required Correct immediately and submit your response through the Provider Hub within 30 days from the date of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

118.    These January to April 2024 violations of the behavior guidance policies were noted as occurring across four classrooms.

19

119.    On February 7, 2025, MN DHS found additional licensing violations for Lil'

Explorers failure to maintain the required staff-to-child rations.

**Licensing violations**

DHS determined that your program failed to follow the standard(s) described below.

**Program Practices**

1. Violation: The required staff-to-child ratios were not maintained.
The DHS licensor observed two staff persons canng for 10 napping infants. Through conversations with staff persons, the DHS licensor determined that the required third staff person had left the room for their prep time. (Infant 3: Infant classroom)

Citation: Minnesota Rules, part 9503.0040, subpart 1

Corrective Action Required Correct immediately and submit your response through the Provider Hub within 30 days from the date of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

120.    On February 7, 2023, MN DHS also found that Lil' Explorers failed to meet

licensing requirements because it failed to show that two staff members met the

education requirements for their jobs. The notice also stated that the variance previously

afforded to one of the employees had expired and Cadence Education had failed to

provide the proper documentation during the variance period.

**Staff Qualifications**

2. Violation: The program did not have documentation on site to show that 1 of 1 (SP1) staff persons met the education requirements of the teacher job classification for which the staff person was employed (SP1). The variance for SP1 had expired. (SP1)

Citation: Minnesota Rules, part 9503.0032, subpart 2; and part 9503.0120, item B

Repeat Licensing Violation: The license holder was cited for a similar violation in the following order(s):
- A Correction Order dated September 21, 2023

Corrective Action Required Correct immediately and submit your response through the Provider Hub within 30 days from the date of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

3. Violation: The program did not have documentation on site to show that 1 of 2 (SP2) staff persons met the education requirements of the assistant teacher job classification for which the staff person was employed (SP2).

Citation: Minnesota Rules, part 9503.0033, subpart 2; and part 9503.0120, item B

Corrective Action Required Correct immediately and submit your response through the Provider Hub within 30 days from the date of this letter detailing how compliance has been achieved. You must maintain compliance going forward.

121.    On February 7, 2025, MN DHS notified Cadence Education of additional

training violations at Lil' Explorers, including failing to provide children access to

20

96780366.1

interest areas on a daily basis, failing to properly train staff members, and failing to properly maintain children's records.

122.   On February 18, 2025, MN DHS found that "[c]hildren were subjected to prohibited disciplinary actions" at Lil' Explorers.



| 2/18/2025 | Maltreatment Investigation | : See Violation(s) | | |
|---|---|---|---|---|
| Behavior Guidance | Children were subjected to prohibited disciplinary actions. | | Correction Documentation Not Yet Submitted | Minnesota Rules, part 9503.0055, subpart 3 |
| 2/18/2025 | Maltreatment Investigation | : See Violation(s) | | |
| Behavior Guidance | Children were subjected to prohibited disciplinary actions. | | Correction Documentation Not Yet Submitted | Minnesota Rules, part 9503.0055, subpart 3 |

## *Cadence Education's Knowledge of Abuse and Mistreatment at Lil' Explorers*

123.   Notice of each of the licensing violations identified by MN DHS was sent to an individual named Jenna Lofquist.

124.   Jenna Lofquist was, at all relevant times, an employee, agent, partner, principal, or shareholder of Cadence Education.

125.   Cadence Education was notified by MN DHS of the violations listed in the preceding paragraphs.

126.   Cadence Education knew about each of the violations identified by MN DHS listed in the preceding paragraphs.

127.   Cadence Education, through its agents and employees, had been made aware of issues at Lil' Explorers by other teachers and staff members before February 6, 2025.

21

128. Before February 6, 2025, other teachers had several conversations with the director of Lil' Explorers regarding Katie Voigt's use of derogatory language and physical abuse of children.

129. Before February 6, 2025, Lil' Explorers' director Nicole Wilson had informed parents that she could always hear Katie Voigt screaming.

130. Despite such reports and knowledge of Katie Voigt's misconduct towards the children attending Lil' Explorers, Cadence Education did not suspend or terminate Katie Voigt's employment.

131. Despite such reports and knowledge of Katie Voigt's misconduct towards the children attending Lil' Explorers, Cadence Education took no steps to discipline or reprimand Katie Voigt.

132. Despite such reports and knowledge of Katie Voigt's misconduct towards the children attending Lil' Explorers, Cadence Education continued to employ Katie Voigt as a head or lead teacher at Lil' Explorers.

133. On March 14, 2023, a teacher from Lil' Explorers sent an email with concerns about the Lil' Explorers environment to Jenna Lofquist at Cadence Education.

134. The teacher's email to Cadence Education stated that she had made several "complaints about certain staff who [she felt] are unsafe for kids," including her own daughter.

135. The teacher's email to Cadence Education also stated that there had been no changes in the two months after she first raised the issues and that she "fear[ed] for the safety of these kids because nothing has changed or happened."

22

136. The teacher's email to Cadence Education also informed Cadence Education that "these kids and staff are being disrespected every day."

137. Several months before the February 6, 2025 incidents, a Google review was posted by a parent who "caught staff screaming at the kids" at Lil' Explorers.

138. Cadence Education, under the name Lil' Explorers, responded to this review, claiming that "[t]he safety of the children in our care is our number one priority, and we pride ourselves on providing excellent care and education for our children."

23

96780366.1

## Lil' Explorers Childcare Center

Write a review

9905 45th Ave N, Plymouth, MN 55442, United States

**2.7** ★★⯪    16 reviews  ⓘ

**Tess P**
2 reviews

⋮

★        a year ago

WARNING...Keep your kids away from this center! We caught staff screaming at the kids, including ours. They then decided to end care for us when we reported it to the Director of the center. Police report on file. (we had plans to never return after this anyway) I had to initiate asthma training. They signaled out our child on a field trip because "he was to active" and I found out from a photo in the app (he was not in the photo and I had to call the center to find out why). Honestly, this list goes on.

👍 18    ❮

**Lil' Explorers Childcare Center (Owner)**
a year ago

The safety of the children in our care is our number one priority, and we pride ourselves on providing excellent care and education for our children. We value open communication and are here to address any additional questions or comments you may have.

139.  Despite such reports and knowledge of staff members' misconduct towards the children attending Lil' Explorers, Cadence Education did not suspend or terminate these staff members' employment.

140.  Despite such reports and knowledge of staff members' misconduct towards the children attending Lil' Explorers, Cadence Education took no steps to discipline or reprimand those staff members.

141.  Despite such reports and knowledge of staff members' misconduct towards the children attending Lil' Explorers, Cadence Education continued to employ these staff members at Lil' Explorers.

24

96780366.1

142. Despite such report and knowledge, Cadence Education continued to make promises to current families and sold itself to prospective families and the public by the false and misleading statements as listed in paragraphs 55-60.

143. Contrary to its public statements listed in paragraphs 107-109, Cadence Education has a history of tolerating conduct such as that seen in the February 6, 2025 videos.

144. Contrary to its public statements listed in paragraphs 107-109, Cadence Education has a history of failing to properly respond to concerns reported to management.

145. There is no greater responsibility than that of parents to protect their children.

146. The responsibility to protect children extends to childcare providers entrusted by parents with the care of their children.

147. Plaintiffs were horrified to learn that after Cadence Education's employees and agents serving as staff members at Lil' Explorers greeted them and their children with smiles at drop off, their children were being abused, mistreated, and traumatized by those staff members, including Katie Voigt.

## COUNT I

### Assault – Katie Voigt

148. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

25

96780366.1

149. Defendant Katie Voigt acted with the intent to cause apprehension or fear of imminent harm to or offensive contact with Plaintiffs' minor children or intended to cause imminent harmful or offensive contact with Plaintiffs' minor children.

150. Defendant Katie Voigt had the apparent ability to cause harm to and/or offensive contact with Plaintiffs' minor children.

151. Plaintiffs' minor children had a reasonable apprehension of fear that the imminent harm or offensive contact would occur.

152. As a direct and proximate result of these acts and omissions, Plaintiffs' minor children suffered injuries and damages and are entitled to recover from Defendant Katie Voigt.

## COUNT II

### Battery – Katie Voigt

153. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

154. Defendant Katie Voigt intentionally caused harmful or offensive contact with Plaintiffs' minor children or with any item worn, held by, or closely connected to Plaintiffs' minor children.

155. As a direct and proximate result of these acts and omissions, Plaintiffs' minor children suffered injuries and damages and are entitled to recover from Defendant Katie Voigt.

96780366.1

## COUNT III

### Vicarious Liability via Respondeat Superior – Cadence Education, LLC

156. Plaintiff re-alleges all preceding paragraphs and incorporate them by reference.

157. Katie Voigt's tortious conduct constituted and assault and battery.

158. Katie Voigt's tortious conduct was committed at times while she was working as an employee, agent, partner, principal, or shareholder of Cadence Education.

159. Katie Voigt's tortious conduct occurred at Lil' Explorers, where she was employed to work by Cadence Education.

160. Katie Voigt's tortious conduct occurred within the scope of her employment at Lil' Explorers. *See Sterry v. Minnesota Dept. of Corrections*, 8 N.W.3d 224 (Minn. 2024).

161. Defendant Cadence Education, LLC is vicariously liable for the actions, inactions, and negligence of its employees, agents, partners, principals, or shareholders acting in the scope of their employment through the doctrine of respondeat superior.

162. Defendant Cadence Education, LLC is vicariously liable for Katie Voigt's actions through the doctrine of respondeat superior.

## COUNT IV

### Negligent Hiring – Cadence Education, LLC

163. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

27

96780366.1

164. Defendant Cadence Education, LLC hired Katie Voigt to be a teacher for infants, toddlers, and children.

165. The position for which Defendant Cadence Education, LLC hired Katie Voigt is one that foreseeably presents a risk of physical, mental, and/or emotional injury to said infants, toddlers, and children.

166. Upon information and belief, Defendant Cadence Education, LLC knew or should have known of Katie Voigt's abusive tendencies and that she posed a threat of physical, mental, and/or emotional injury to said infants, toddlers, and children.

167. As a direct and proximate result of these acts and omissions, Plaintiffs' minor children suffered injuries and damages and are entitled to recover from Defendant Cadence Education, LLC.

## COUNT V

### Negligent Retention – Cadence Education, LLC

168. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

169. Defendant Cadence Education, LLC knew or should have known of Katie Voigt's abusive tendencies and that she posed a threat of physical, mental, and/or emotional injury to the infants, toddlers, and children in her care.

170. Despite the fact that Defendant Cadence Education, LLC knew or should have known of Katie Voigt's abusive tendencies and the threat she posed to said infants, toddlers, and children, Defendant Cadence Education, LLC retained Katie Voigt as an employee.

28

96780366.1

171. Defendant Cadence Education, LLC failed to take reasonable action necessary to protect the infants, toddlers, and children in their care from harm during Katie Voigt's employment.

172. As a direct and proximate result of these acts and omissions, Plaintiffs' minor children suffered injuries and damages and are entitled to recover from Defendant Cadence Education, LLC.

## COUNT VI

### Negligent Supervision – Cadence Education, LLC

173. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

174. Defendant Cadence Education, LLC knew or should have known that Katie Voigt's job duties included a foreseeable risk and threat of physical, mental, and/or emotional injury to others.

175. Defendant Cadence Education, LLC knew or should have known of Katie Voigt's abusive tendencies and that she posed a threat of physical, mental, and/or emotional injury to others.

176. Defendant Cadence Education, LLC failed to use reasonable care to supervise Katie Voigt's activity and performance of her job duties.

177. As a direct and proximate result of these acts and omissions, Plaintiffs' minor children suffered injuries and damages and are entitled to recover from Defendant Cadence Education, LLC.

96780366.1

## COUNT VII

### Fraud by Misrepresentation – Cadence Education, LLC

178.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

179.    Defendant Cadence Education, LLC falsely represented past and present material facts on its public website pertaining to the childcare services it offered.

180.    At the time the false representations were made, Defendant Cadence Education, LLC knew the representations were false or represented that it knew the facts when it did not know if they were true or false.

181.    Defendant Cadence Education, LLC made the false representations intending that Plaintiffs would rely on them.

182.    Plaintiffs reasonably relied and acted based on the false information contained on Defendant Cadence Education, LLC's public website.

183.    As a direct and proximate result of the false information contained on Defendant Cadence Education, LLC's public website, Plaintiffs suffered injuries, damages, and harms.

## COUNT VII

### Fraud by Misrepresentation – Cadence Education, LLC

184.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

185.    Defendant Cadence Education, LLC, in the course of its business, supplied false information to Plaintiffs via Defendant Cadence Education, LLC's public website.

30

96780366.1

186. At the time the false representations were made, Defendant Cadence Education, LLC failed to use reasonable care or competence in communicating the information.

187. Plaintiffs reasonably relied and acted based on the information contained on Defendant Cadence Education, LLC's public website.

188. As a direct and proximate result of the false information contained on Defendant Cadence Education, LLC's public website, Plaintiffs suffered injuries, damages, and harms.

## COUNT VII

### Consumer Fraud – Cadence Education, LLC

189. Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

190. Defendant Cadence Education, LLC provided false information on its public website in the course of selling its childcare services.

191. Defendant Cadence Education, LLC intended that others would rely on the information contained on its public website.

192. Plaintiffs reasonably relied and acted based on the false information contained on Defendant Cadence Education, LLC's public website.

193. As a direct and proximate result of the false information contained on Defendant Cadence Education, LLC's public website, Plaintiffs suffered injuries, damages, and harm.

31

## COUNT VIII

### Negligent Infliction of Emotional Distress – Cadence Education, LLC

194.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

195.    Plaintiffs' minor children were each under Katie Voigt's care and supervision or otherwise exposed to Katie Voigt's abusive conduct while attending Lil' Explorers.

196.    Plaintiffs' minor children were within the zone of danger of physical impact or harm at all relevant times.

197.    Plaintiffs' minor children were reasonably fearful for their own safety throughout this time period.

198.    As a direct and proximate result of Defendant Cadence Education, LLC's negligence, Plaintiffs' minor children have suffered severe emotional distress that have resulted in attendant physical manifestations, including but not limited to toileting regressions, night terrors, heightened fear responses, new aggression, and anxiety, among other things.

## DAMAGES

199.    Plaintiffs re-allege all preceding paragraphs and incorporate them by reference.

200.    As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and will continue to suffer mental and/or emotional harm in an amount to be proved at trial, far in excess of Fifty Thousand Dollars ($50,000).

32

96780366.1

201.    As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred and will continue to incur health care expenses, all to their damage in an amount to be proved at trial far in excess of Fifty Thousand Dollars ($50,000).

202.    As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred and suffered financial harm, including tuition paid for falsely advertised services and loss of earnings, all to their damage in an amount to be proved at trial in excess of Fifty Thousand Dollars ($50,000).

## NOTICE OF INTENT TO SEEK PUNITIVE DAMAGES

203.    Please be advised that after commencement of this action, Plaintiffs intend to move the Court for permission to amend this Complaint to allege a claim for punitive damages against Defendants, because, on information and belief, Defendants acted with deliberate disregard for the rights and safety of others under Minn. Stat. § 549.20.

WHEREFORE, Plaintiffs pray for judgment and relief against Defendants ad follows:

1.    Awarding Plaintiffs reasonable compensatory damages in an amount reasonably in excess of Fifty Thousand Dollars ($50,000);

2.    Awarding Plaintiffs pre-judgment and post-judgment interest;

3.    Awarding Plaintiffs the cost and disbursements incurred herein; and

4.    For such other relief as this Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY TRIAL.**

33

96780366.1

ROBINS KAPLAN LLP

Dated: February 4, 2026

By: _____

Raoul Shah (#0399117)
Andrew Noel (#0322118)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612-349-8500
RShah@RobinsKaplan.com
ANoel@RobinsKaplan.com
ATTORNEYS FOR PLAINTIFFS

34

96780366.1

## ACKNOWLEDGMENT REQUIRED BY
## MINN. STAT. § 549.211, Subd. 2

The undersigned hereby acknowledges that, pursuant to MINN. STAT. § 549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

ROBINS KAPLAN LLP

Dated: February 4, 2026

By:_____
Raoul Shah (#0399117)
Andrew Noel (#0322118)
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
612-349-8500
RShah@RobinsKaplan.com
ANoel@RobinsKaplan.com
ATTORNEYS FOR PLAINTIFFS

35

96780366.1